**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ANTHONY M. SCRO,**

                    **Plaintiff,**                    **5:11-cv-1106**
                                                      **(GLS/ATB)**

          **v.**

**THE BOARD OF EDUCATION OF THE**
**JORDAN-ELBRIDGE CENTRAL**
**SCHOOL DISTRICT, DIANA FOOTE,**
**CONNIE DRAKE and PENNY L. FEENEY,**

                    **Defendants.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**
O'Hara, O'Connell Law Firm          FRANK S. GATTUSO, ESQ.
7207 East Genesee Street
Fayetteville, NY 13066

**FOR THE DEFENDANTS:**
Office of Frank W. Miller           JOHN A. SICKINGER, ESQ.
6575 Kirkville Road                 BRYAN N. GEORGIADY, ESQ.
East Syracuse, NY 13057

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I.  Introduction

      Plaintiff Anthony M. Scro commenced this action against defendants

The Board of Education of the Jordan-Elbridge Central School District,

Diana Foote, Connie Drake and Penny L. Feeney asserting claims pursuant to 42 U.S.C. § 1983 and New York State law.  (*See* Am. Compl., Dkt. No. 5.)  Pending is defendants' motion to dismiss.  (*See* Dkt. No. 8.) For the reasons that follow, the motion is granted.

## II.  **Background**[1]

Scro was the former Treasurer for the Jordan-Elbridge Central School District.  (*See* Am. Compl. ¶ 9.)  Following his termination by the Board of Education,[2] Scro continued to appear at open board meetings to voice his opinion of the School District's fiscal activities.  (*See id.* ¶ 43.) Given that the meetings received extensive media coverage, Scro's "public corrections of [the board's] erroneous assumptions, mistakes and lack of knowledge on fiscal matters" embarrassed the School District.  (*Id.*)  In response to his statements, Foote, Drake and Feeney "made public defamatory statements about [Scro]," which damaged both his reputation

---

[1]  The allegations are drawn from Scro's Amended Complaint and presented in a light most favorable to him. (*See* Am. Compl., Dkt. No. 5.)

[2]  Although a significant portion of the Amended Complaint discusses his employment with the School District, Scro's primary cause of action alleges violations of his First Amendment rights that occurred after he was terminated.  (*See* Am. Compl. ¶ 43.)  Thus, the events preceding Scro's termination, which have already been adjudicated in state court, are of no moment in this case and will not be discussed.  (*See id.* ¶¶ 25-26); *see generally In re Scro*, 87 A.D.3d 1342 (4th Dep't 2011).

and ability to obtain new employment.  (*Id.* ¶¶ 43-45.)

Specifically, Scro was first defamed at the October 6, 2010 board meeting by Drake and Foote, who accused him of "poor job performance." (*Id.* ¶ 28.)  Two weeks later, Scro challenged the School District's compliance with a state budgetary rule, and was once again chastised by members of the board.  (*See id.* ¶ 29.)  Finally, at the May 10, 2011 meeting, the board "orchestrated" a presentation on the purported loss of $500,000 from the capital project fund, and in so doing, "inferred" that Scro and/or William Hamilton, the Assistant Superintendent for Business and Finance, "committed larceny or were incompetent."  (*Id.* ¶¶ 31-32, 56.) Although the district later announced that the money was not missing, it never retracted its statements regarding Scro's competency or integrity. (*See id.* ¶¶ 33-34.)

In sum, Scro alleges the following four causes of action against defendants: (1) First Amendment retaliation; (2) retaliation under New York Educational Law § 3028-d; (3) defamation; and (4) interference with the right of association under the First Amendment.  (*See id.* ¶¶ 40-58.)

### III.  Standard of Review

The standard of review under Fed. R. Civ. P. 12 is well established

3

and will not be repeated here.  For a full discussion of the standard, the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

## IV.  Discussion

Defendants argue that Scro's Free Speech and Free Association claims are unactionable, and as such, supplemental jurisdiction over his state law claims is inappropriate.  (*See generally* Dkt. No. 8, Attach. 1.) Scro counters that he properly stated an "adverse employment action" claim, as well as a claim for interference with his First Amendment right to association.  (*See* Dkt. No. 12 at 2-10.)  He further avers that because his federal claims are viable, the court should not dismiss his state law causes of action.  (*See id.* at 11-13.)  The court addresses each of these arguments in turn.

## A.  Scro's First Cause of Action

As a threshold matter, the court is unable to discern the precise theory of liability Scro is pursuing in his first cause of action.  Although entitled "First Amendment Retaliation," Scro discusses what appears to be a common law defamation claim.  (Am. Compl. ¶¶ 40-46.)  Furthermore, his response focuses on defendants' purported "adverse employment

4

action," while citing cases which address the deprivation of Due Process rights under the "stigma plus" theory.  (*See* Dkt. No. 12 at 2-6.) Nevertheless, under either of these theories, Scro's Amended Complaint fails to state a cause of action.

     *1.    First Amendment Retaliation*

     Because Scro claims the alleged violation of his First Amendment rights occurred after his termination, his cause of action is properly analyzed as a private citizen's retaliation claim.  (*See* Am. Compl. ¶ 43); *see also Velez v. Levy*, 401 F.3d 75, 97 (2d Cir. 2005) (distinguishing between retaliation claims in and out of the employment context).  To state such a claim, Scro must allege: "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right."  *Kuck v. Danaher*, 600 F.3d 159, 168 (2d Cir. 2010) (internal quotation marks and citation omitted).

     Here, Scro's claim is based on the "statements made by defendants, . . . under color of State law, and . . . in retaliation for [Scro] exercising his First Amendment rights."  (Am. Compl. ¶¶ 30, 45.)  Indeed, he avers it was

the "defamatory" statements that caused the "direct[] and proximate[]"
harm in this case.  (*Id.* ¶ 45.)  Although these allegations satisfy the first
and second elements above, Scro fails to show how his rights were chilled.
*See Kuck*, 600 F.3d at 168.  Stated another way, there are no facts that
show Scro stopped speaking.[3]  Thus, absent proof—or even an
averment—that defendants "chilled the exercise of his First Amendment
right," Scro's first cause of action fails to state an actionable federal claim.
*Kuck*, 600 F.3d at 168.

    2.    *Stigma Plus*

    Among other things, Scro's discussion—in his response—of the Due
Process Clause and the harm defendants' caused to his "fundamental
property interest . . . in employment," suggests that he was attempting to
plead a "stigma plus" claim.[4]  (*See* Dkt. No. 12 at 2-6.)  Yet, Scro's
response is irrelevant in evaluating the sufficiency of his Amended
Complaint, and its compliance with, *inter alia*, Rule 8 of the Federal Rules

---

[3]  In fact, Scro states that he continued to make presentations at the board meetings despite the increasingly negative responses he received from defendants.  (*See* Am. Compl. ¶ 32.)

[4]  Assuming he was, Scro must allege "(1) the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, and (2) a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights."  *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) (internal quotation marks and citation omitted).

of Civil Procedure.  *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (The court's review is limited to the "four corners of the complaint .").  Though his Amended Complaint contains a set of facts that—if substantially explicated—could form the basis of a "stigma plus" claim, Scro's failure to give defendants "fair notice of what the . . . claim is and the grounds upon which it rests" is fatal to his due process claim.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

It follows that Scro's first cause of action, to the extent he sought to pursue liability under either the retaliation or "stigma plus" theories, is insufficiently pled and must be dismissed.

## B.    Freedom of Association

Scro's freedom of association claim is similarly infirm.  To survive defendants' motion to dismiss, Scro had to plead "factual content that allows the court to draw the reasonable inference," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), that his association with Hamilton was either an intimate or expressive association, and that defendants interfered with this association, *see Hone v. Cortland City Sch. Dist.*, 985 F. Supp. 262, 271 (N.D.N.Y. 1997).  *See also Roberts v. U.S. Jaycees*, 468 U.S. 609, 619

7

(1984) (defining intimate relationships as "those that attend the creation and sustenance of a family"); *Sanitation & Recycling Indus., Inc., v. City of New York*, 107 F.3d 985, 996 (2d Cir. 1997) (Expressive associational rights protect associations for the purpose "of engaging in activities protected by the First Amendment, such as speech, assembly, the exercise of religion, or petitioning for the redress of grievances."); *but see Hone*, 985 F. Supp. at 272 ("[T]he Constitution does not recognize a generalized right of social association, . . . [and one] generally will not apply, for example, to business relationships.")

Here, Scro claims that defendants took "adverse employment action" as a result of his "perceived friendship and association" with Hamilton. (*Id.* ¶ 56.) However, Scro makes no reference, in his Amended Complaint, of the purpose of his association with Hamilton or specifically how defendants interfered with it. (*See generally* Am. Compl.); *see Hone*, 985 F. Supp. at 271. Based on the pleadings before it, which contain mere "labels and conclusions," the court cannot sustain Scro's freedom of association claim. *Iqbal*, 129 S. Ct. at 1949 (internal quotation marks omitted). Accordingly, defendants' motion to dismiss is granted with respect to this cause of action as well.

8

**C.** **State Law Claims**

In light of the court's decision with respect to Scro's federal causes of action, his remaining claims, which are based solely on New York State law, are dismissed as an exercise of supplemental jurisdiction is inappropriate in this case. *See* 28 U.S.C. § 1367(c).

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 8) is **GRANTED** and all claims against them are **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 26, 2012
Albany, New York

Gary L. Sharpe
Chief Judge.
U.S. District Court

9